May it please the Court. Your Honors, the briefs are quite substantial and accurate and don't need a lot of rehashing, and I don't intend to do so. I think I just want to highlight a couple of key points. The Court asked the parties to direct their, direct some argument as to the appealability of the contempt order, in particular, to deal with the Bingman case. Obviously, it's our view that the Bingman case is distinguishable, as articulated in our briefs. And I want to highlight that, you know, the Bingman case came after the Hoffman case, which I think is controlling in this district, in this circuit. And as such, the Court had an opportunity to dispense with Hoffman, abrogate Hoffman, modify Hoffman. Your argument boils down to the fact that because the payments were due on a date certain, it becomes appealable, as opposed to – because normally a civil contempt order is not appealable as an interlocutory order, correct? Ordinarily correct, yes. But you're saying because it was on a date certain that it was due on a – the payments were due on a date certain, that that makes it appealable? Well, that's one cornerstone distinction. The other cornerstone – My question is this, though. Yes. Part of the order was for a $2 million bond to be posted. Correct. And presumably, that was in order to cover all of these other payments, and – because if you add them up, they come to about a little under $2 million. And if that's the case, then even though they were asking it for a date certain, they were protecting against the possibility that it might not be paid against it on a date certain. I think that's an incorrect reading of the record. Oh. Please – please enlighten me, then. The $2 million bond, as I understand it, was in addition to the – the sanction – the contempt sanctions. The $2 million bond was to protect against – that's a record we're – speaks to – future per diem sanctions for further – for further violations of the court order, and to secure payment under an ultimate judgment. They – they were not in lieu of. Well, that's what I mean, to secure payment under. So let's assume that these payments are not made, and then it proceeds, and eventually there's a final judgment. All these payments would be covered at that time. They could be encompassed within a final judgment. And there would be, you know, presumably that bond would be available to – to cover the – covering the judgments against you or against your client. I – I – you know, in the – that's how I understand the law should work. But that's where I think this – this order abrogated that general principle. Well, what – what – tell me – explain to me the history of this. The payments were ordered pursuant to what? Pursuant to a finding that certain DVD recorders were seized from the defendant's location. And was that part of a – was that part of a – what kind of an order, an injunctive order? There was a previous – previously issued injunctive order. There was a temporary restraining order and then a preliminary injunction. What I don't understand is why you – there couldn't have been a review of the injunction order. That's appealable. Temporary injunction is appealable. Preliminary injunction is appealable. Correct. I – I think at that point the – That wasn't appealed. No, that was not appealed. Right. That was not appealed. It could have been. The – the injunctive order could have been appealed. It was not. Right. Granted, those are the facts we have today. There was a turnover order and then there was a seizure of – of recorders at the defendant's location. The – the plaintiffs moved for contempt sanctions in – in the face of the violation of the – in the injunction. The court – Preliminary injunction. Right. Okay. So we're all tracking – tracking appropriately. I think where the – where the Court deviated from – from standard practice was that there should have been a finding of contempt and an award, but the award should not have contained what amounts to a payment date certain, because essentially the court had to undertake a factual finding as to what the damages were. And that's where this case – we have a problem with this case because the award wasn't for compensation for the contemptuous behavior. The award – the – the contempt citation went beyond that and amounted to a trebling of damages and went to essentially what would have been rolled up in a final judgment. Well, but just a minute. As I understood it, there was $354,000 in attorney's fees, which is the amount that had been expended to that point, trying to get them to do what they had to do. There was $37,000 some odd for seizure. There was $10,000 a day until the reports were filed. Can be eliminated if the reports are filed in 14 days. And then there's $1,284,000 in lost royalties. And as I understand it, this is lost royalties from that which had been lost from the use or the violation of the preliminary injunction. Actually, the lost royalties is a treble number. It isn't the actual lost royalties. Right. Well, I understand that. But that's just what would happen in those particular situations. And then the $2 million bond, right? And then the $2 million bond, correct. So I – again, we're not even at the end of the case yet. We're only at the point where the court makes its decision on what had been done thus far, and they're putting another bond up there, and the bond was simply to allow the payment or the purge. So to make sure it didn't, there'd be something to come up. No, I don't believe that the – if the bond would have purged the contempt, then I would agree with you. But the four corners of the order don't specify that, and neither – The only way to purge the contempt, presumably, is to abide by the original injunction. No, it was to pay the royalty penalties. The royalty – Well, there's a $10,000 a day component to this for failure to comply with the order. And that can mount up rather quickly. Yes, Your Honor. And this – we really need to focus on the portion of the contempt order that pertained to the payment of the royalties, because that had a date certain it had to be paid. That could not have been purged. Because it could not have been purged, and because it had a payment by a date certain, it amounted to an executable judgment, which it subsequently executed on. And so that's – What's the – what is the authority here that says that that's right in this context? Hoffman. Hoffman. And Fox. The United States Supreme Court case in Fox. Fox articulated – Are those injunction cases? They were contempt cases. And it's – okay. Yes, Your Honor. These are all contempt cases. We're not reaching out beyond the context of this case. And they uniformly find – well, first of all, criminal contempt fines, they're immediately appealable. Then there's the second tier, the civil contempt. And generally, they're not appealable except – and this is the except – when there's an obligation on the party to make the payment on a date or by a date certain, and there's no mechanism for purge of the contempt. And that's what we have here. Because the $1.2 million royalties order was not – you couldn't purge that. The only way to purge it was to pay. And you had to pay by a date certain. It, therefore, comes under this Court's rulings in Hoffman and is consistent with the U.S. Supreme Court's decision in Fox. Why can't – if that is paid or is executed on, can't that be reviewed in a final appeal, which was found to have been improperly entered and reversed at that time? Well, I believe that if a party elected to appeal later, it would have – Not elected to appeal later. Eventually, there's going to be a final judgment. Someday this case will end. Well, I think the problem – and we touched on it in our brief. Constitutionally, it denies due process to challenge what amounts to a judgment. That was a judgment. Well, there's another way to do it, and that is to ask the district judge to require the other side to post a bond that they will – to ensure the repayment on the basis that – in the event that you should prevail, ultimately, in the case. Well, I don't know of any procedure in – to request the party who secured a contempt sanction to post a bond. We went in and asked the judge for – to stay so that we could have an appeal. The judge denied the request. We asked the judge for more time. The judge had the temerity to ask me – and in my 25-plus years of experience – of practice, mostly trial work, to ask me that if I would waive the right to appeal for my client, that he would give me the more time to make the payment. And I just couldn't do that because there was – there was essentially a judgment rendered that occurred interlocutory, which makes this very confusing and perhaps requires the Court to maybe clear up whether or not this – this crease in the cracks should be filled in. This amount of time – You don't have a case that this would be a – this would be making new law. Yeah. Right? Well, I think Hoffman is consistent. It may be consistent, but it doesn't answer the question that you've raised precisely. Well – That if there's a date certain, that requires an appeal, and it permits an interlocutory appeal right away. It's an exception, in effect, to – Actually, I believe that Hoffman and Fox are clear on this point, that if there's a payment by date certain and the contempt amount is not purgeable, then it is immediately appealable. It's akin to an injunction, which would – would be appealable in any event. I think that's the – that's the most important issue. I mean, there are a lot of other factual and subsidiary issues. If the Court wants me to deal with them, I will. I've used a substantial amount of my time. Hoffman is a labor case. Pardon me? Yes. Hoffman was a labor case. It involved a number of contempt citations against the labor union. Some were deemed to be immediately appealable, and some were not. And the Court went on in great length to separate and discuss why some would be and some would not. The foundational premise is, if it's payment by a date certain and not purgeable, it amounts to essentially a final judgment and would be immediately appealable. Have we ever cited it for that proposition? It is in the brief, and if you want, on rebuttal, I'll come back and give you a specific sentence. More recent? No, I have the case. I'm just – it was decided in 1976, and it's a – it used to be a rather – Wasn't that a criminal sanction? There were a number of sanctions. Some were – there was, I think, one criminal contempt citation issued, and it was deemed immediately appealable for other reasons. But there were also civil contempt orders issued by the Court as well. But as I understood, Hoffman, it says that where the contempt order is criminal,  That's the rule. My worry is that you're suggesting that – and that's why I thought my colleague's question was a good one – you're suggesting that where the contempt fine is civil and remedial, and I go to this, and I don't see any place in here where you've even objected that these are all compensatory in nature and quality, and if I find it to be civil in the first place, I don't even have to think about purge. The only time I think about purge is if it's a criminal sanction, and then it becomes civil if it's allowed to purge. So I see the two different ways to get there, but it seems to me that you're kind of conflicting. You're suggesting that it's criminal automatic simply because it has a date certain, which my court has never said. Now, I appreciate the Eleventh says it, but my court doesn't. And so, therefore, if my court doesn't say that, and it's total compensatory in nature, how do I get there? That's my problem. That's why I've been asking you the questions. Okay. And maybe I missed the point, but if you go through the arguments, you'll find that this decision doesn't appear to be purely compensable. This ---- Well, where did you argue that? Where did you say that? That the trebling is ---- I mean, I don't think anybody questions the compensatory nature of how the judge came up with the penalties. Well, the Court asked us also to look at a second point, which was the application of Lanham Act damages to this type of a situation. And I believe our point, the point being made here in the brief is that the Lanham Act goes to final ---- a final determination of damages. In a contempt citation, you need to find the actual damages that the plaintiff suffered in connection with the contempt. Here, it is undisputed that the Court took a multiple of royalties, and then took the royalties based on a multiple of units, and then trebled it. Now, the trebling is in the nature of a penalty or a punitive measure, which I think then brings us back to this core issue, that this isn't purely compensatory. Okay. If we understand your position. Thank you very much. Thank you. Good morning, Your Honors. Jeff Joyner on behalf of Phillips Electronics. I think what would possibly help the Court out the most is a very brief recitation of the law on why interlocutory orders, and specific civil contempt orders, are not In a civil contempt context, all you look at is whether or not the penalty ---- whether or not the fine was compensatory or was coercive. If it's not compensatory, this Court, the Ninth Circuit, and Bingham said, then you look at whether or not it can be purged. But you have to get past that first hurdle. Is it compensatory? And the seminal case in the Supreme Court, Fox v. Capitol, did not discuss a date certain, like counsel said it did. All it discussed was that it was going to lay to rest what it thought would come up in future cases, that civil contempt orders are not appealable. And, in fact, in that case, the Court found that the award that was given to the other side was compensatory and, therefore, not appealable. And then you have the Ninth Circuit ---- And you're saying that there's no dispute here that the $1.2 million is compensatory? No, Your Honor. There's no dispute. The Chief Judge in Nevada was very thorough in his order. And throughout his order, and I can point you to the citation in the record, at one point, as to whether or not to levy criminal sanctions. And that's at the excerpt of record, page 355, lines 20 through 24. That's the Court's civil contempt order. This Circuit and United Professional Airmen actually looked at the magistrate judge's order in that case and noted that it was relevant that the magistrate judge in that case had said that he would not consider criminal sanctions at that time, but would later consider criminal sanctions. And that is a very relevant case here because that case involved a date cert, yet the Court found that it was compensatory and not appealable, just like this case. And the reason the Court directed the parties to the Bingham case is the Bingham case is very clear on what the rule is, and that's what I just mentioned. A civil contempt order is either compensatory or coercious. And then in the Bingham case, they go on to say where a fine is not compensatory, it is civil only if the contempt nor is afforded an opportunity to purge. We don't get to that point in this case. And what the ---- His argument, and I'm playing devil's advocate just for a second. His argument is that with a date-certain judgment that is not paid, then that opens up the door to, you know, post-judgment remedies and execution on the judgment, et cetera. And that at that point, he doesn't have an opportunity to appeal, and he can't appeal the underlying contempt order. You know, maybe there wasn't a contempt, or maybe the injunction was flawed or something. You know, raising some argument that shows that the money wasn't ---- that he wasn't in contempt. He can't do that, and in the meantime, he's had to pay ---- he's been executed on it. So is there anything he can do at that point? Can he do anything to protect himself against an erroneous order under these circumstances is the question. Well, Your Honor, I think what Appellant is confusing is the finality of an order for purposes of execution and the finality of an order for purposes of appeal. I know that. And ---- Well, he's hoping that he can maybe bring the two into alignment. But he, you know, even though the ---- he's got an uphill fight, in my view, because the law doesn't seem, if it's a civil contempt, doesn't seem to permit it. But he's ---- I'm looking at the practicalities of the situation in terms of having a judgment executed against you. Is there something he could do, either get a bond posted or bring a mandamus petition at the time to try and get the date certain eliminated from the order? I don't know. Well, I'm certain that there are things that he could have done that Your Honor suggests. The one thing that is very clear is that the case is not final at the time of the contempt. And as a matter of fact, we had evidentiary hearings the last two days on the damages at trial. And what can happen is, is the civil contempt can be merged into the final order. A district court has jurisdiction to modify its interlocutory orders. Well ---- And that's the whole reason that there shouldn't be an appeal of this order. At one point ---- Let me ask this. Yes. This is an intellectual property dispute, essentially. But there was an injunction. Now, that could have been a preliminary injunction. That could have been appealed. So if there was a flaw in that, if there was some problem with the liability or the ---- that determination, that could have been appealed. Now, we have these contempt orders. When do they ---- when does the amount of those, whether they are properly computed or whatever, whether the compensation is appropriate, when does it get reviewed? Your Honor, that's at the time of final judgment. Final judgment. And in this ---- When it's merged, and that's when it can be appealed to this Court. And in this case, when is that going to happen? I'm just trying to understand the errors. Well, Your Honor, I can tell you that since the criminal ---- the civil contempt, we've appeared before the Court at least 16 times on other contempt matters. And as I mentioned, we just had the damages trial portion of the case over the last ---- But the damages go to what? Just help me here on this. And the damages go to the trademark violation, the offering for sale and sale of DVD recorders which bear an infringement of Phillips Electronics Mark. And ---- And presumably what? Will there be a final judgment? What will it encompass? Is that going to be a permanent injunction in damages for all of the things that ---- everything that's gone before? Yes, Your Honor. That's what Phillips Electronics has prayed for. And that is the exact reason why appellate courts are not given jurisdiction to modify or rule on interlocutory orders, because the judge will be making findings that are relevant. And there will be review at that point, too. So this is all everything that goes in between from the preliminary injunction, which was an appeal, to the final permanent injunction with the computation of damages is interlocutory. It would be merged and then ---- What you've got now, I guess, is what you need to get, presumably, in this case, just so I understand this, is a return of all of the or a destruction of all of the DVD players, I guess they are, DVD players, and an accounting for all of the ones that have been sold improperly. Well, Your Honor, what happened in this case since the contempt is the Chief Judge in Nevada struck their answer because of a recommendation and report from the magistrate judge because they did not produce discovery with respect to their the accounting that was ordered in the contempt order. They did not submit to the audit. They have not paid the contempt sanctions. So the judge struck their answer. So we proceeded on a damages trial over the last two days. I see. We presented an expert and presented what we believed are damages to Phillips Electronics, and the judge will now ---- has taken that under submission. And he did make some findings over the last couple of days that actually are relevant to joint and several liability and a few other matters that the appellant is trying to appeal here, which is the entire reason that an interlocutory order is not appealable. And just out of ---- just this is all off the record, and, you know, it's not before us, but just to understand the litigation a little bit, the ---- on your damages trial, that presumes that there's a cessation of the infringing conduct. It all occurred in the past, and now their damage is accorded. Not for the future. And I assume that all the DVD players that could have been sold have been sold by these people, or the case would continue in a new iteration because there would be future damages. Can you enlighten me on that? Yes, Your Honor. What did happen in this case is there have been three seizure orders, actually. There was an initial seizure order from the Chief Judge in Nevada. There was a seizure order in the Central District of California. And then there was a third seizure order again by the Chief Judge in Nevada because the appellants continued to sell despite the temporary restraining order and despite the preliminary injunction. Now, we have ---- Phillips prayed for, and we've asked for a permanent injunction to also enjoin any future sales. Now, obviously, if the appellants continue to sell, we'll be back in court asking for contempt again for their sale of infringing products in violation of the preliminary injunction as of today. But hopefully, as of the final judgment, there will be a permanent injunction. And there's a possibility that the judge might want to impose criminal sanctions as well. Well, Your Honor, he has. He let that open. He has. As I mentioned, we've been before the Chief Judge on 16 occasions. He has issued ---- This case just ran out some time ago. Yeah. He's issued additional civil contempt sanctions. But he's also found one of the defendants in criminal contempt. And that defendant was incarcerated for 90 days. And there was an AUSA that was brought in for that proceeding. Okay. Any further questions? No. No. No, sir. Thank you, Your Honors. I'll be very brief. All of the ---- all that spawned after the judge's order on the first contempt, civil contempt, it's true that contempt wasn't paid. That spawned further and further proceedings, ultimately resulting in one of the individuals being incarcerated. We do dispute that these are ---- that these are compensatory. I think the Court already knows that. The counsel's comments did not bind us on that. And with respect to Foxx, at page 107, I cite the Court. It's in the brief at page 5. The Court says, however, there are ---- appellees are correct that a finding of civil contempt is generally not reviewable. But it articulates at least two exceptions here. And I believe that the facts of this case bring us within those exceptions. All right? Okay. Thank you. Thank you. The matter just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned.
judges: Schroeder, Smith, Walker